UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CIVIL ACTION NO. 23-70-DLB-CJS

DEVONIA SPEARMAN RUFF
on behalf of herself and her minor child, J.R.,
and all others similarly situated,                                      PLAINTIFFS

v.                          MEMORANDUM OPINION AND ORDER

PERFETTI VAN MELLE USA INC.                                            DEFENDANT

\* \*   \* \*   \* \*   \* \*   \* \*   \* \*   \* \*   \* \*

This matter is before the Court on Defendant Perfetti Van Melle USA Inc. ("Perfetti")'s Motion to Dismiss the Amended Complaint. (Doc. # 11). Plaintiffs have filed a Response (Doc. # 13) and Perfetti has filed a Reply (Doc. # 14). Having been fully briefed, the Motion is now ripe for the Court's review. For the reasons set forth herein, Defendant's Motion to Dismiss (Doc. # 11) is **granted**.

I.     FACTUAL AND PROCEDURAL BACKGROUND

On May 24, 2023, Plaintiffs filed a Complaint against Perfetti seeking class action certification, declaratory and injunctive relief, damages, and fees related to the labeling of the candy Airheads Gummies. (Doc. # 1). Perfetti filed a Motion to Dismiss (Doc. # 5) on July 24, 2023, and Plaintiffs filed their First Amended Complaint on August 7, 2023 (Doc. # 10). On August 21, 2023, Perfetti filed a Motion to Dismiss the Amended Complaint (Doc. # 11), after which the presiding Magistrate Judge denied the initial Motion to Dismiss (Doc. # 5) as moot. (Doc. # 12).

In the Amended Complaint, Plaintiffs allege that the packaging of Airheads Gummies, a candy produced by Perfetti, displays a misleading and confusing label. (Doc. # 10 at 1-2). Plaintiff Ruff's son, J.R., is allergic to tree nuts. (*Id.* at ¶ 10). In May 2023, Plaintiff Ruff and J.R. purchased Airheads Gummies from a retail outlet in Pearl, Mississippi. (*Id.*). Plaintiffs state in the Amended Complaint that because of J.R.'s tree nut allergy, "she is accustomed to reading consumer labels closely." (*Id.*). Plaintiffs allege that the "tree nut free" label, fixed below the ingredients list on the Airheads Gummies package, led her to believe that it did not contain any allergens. (*Id.*). However, the candy contained coconut oil. (*Id.*). Plaintiffs allege that after ingesting the candy, J.R. "became sick and had difficultly breathing." (*Id.*). Plaintiff Ruff took J.R. to the doctor the next day, who referred J.R. to an otolaryngologist. (*Id.*). The otolaryngologist prescribed medicine for J.R. and advised him to avoid products that contained coconut oil. (*Id.*).

Plaintiffs allege that they reasonably relied in substantial part on Perfetti's "tree nut free" label in deciding to purchase the candy. (*Id.* at ¶ 17). Plaintiffs allege that because the Airhead Gummies contained coconut oil, and coconut is considered a tree nut, it was intentionally misleading for Perfetti to describe the candy as tree nut free. (*Id.*). In the Amended Complaint, Plaintiffs allege one count of negligent misrepresentation. (*Id.* at ¶ 56). Plaintiffs allege that Perfetti "made false representations, concealment and nondisclosures to Plaintiffs and members of the Class" and that Perfetti "had a duty to disclose the true nature of the candy and not sell a candy with coconut oil that also contained a 'tree nut free' label." (*Id.* at ¶ 56-57). Plaintiffs also allege that Perfetti acted with "reckless or negligent disregard for the rights of Plaintiffs and members of the Class." (*Id.* at ¶ 65).

2

After the filing of the Amended Complaint (Doc. # 10), Perfetti filed a Motion to Dismiss the Amended Complaint (Doc. # 11). Plaintiffs filed a Response (Doc. # 13), and Perfetti filed a Reply (Doc. # 14). The Court will consider the arguments herein.

## II. ANALYSIS

### A. Standard of Review

In evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court is called to assess whether the plaintiff has "state[d] a claim to relief that is *plausible* on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (emphasis added). In making that assessment, a court should accept the plaintiff's allegations as true, and then determine whether the plaintiff has pled sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In other words, "if the plaintiffs do 'not nudge their claims across the line from conceivable to plausible, their complaint must be dismissed.'" *Jackson v. Sedgwick Claims Mgmt. Servs.*, 731 F.3d 556, 562 (6th Cir. 2013) (*en banc*), (quoting *Twombly*, 550 U.S. at 570) (cleaned up), *cert. denied*, 572 U.S. 1100 (2014).

To give rise to plausibility, the complaint must contain factual allegations that speak to all of a claim's material elements "under some viable legal theory." *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007). In short, a claim cannot survive a motion to dismiss if the plaintiff has not pleaded sufficiently plausible facts to support a "viable legal theory" with respect to all material elements of each claim. *See id*. The plaintiff's burden in doing so is low, though, as a court should "construe the complaint in the light most favorable to the plaintiff" in evaluating a motion to dismiss. *Hill v. Snyder*,

878 F.3d 193, 203 (6th Cir. 2017).  However, the Court is not required to "accept as true legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987) (citations omitted).

Usually, in adjudicating a motion to dismiss, the Court is only permitted to consider the complaint and attached exhibits, items in the record, and "documents that a defendant attached to a motion to dismiss . . . if they are referred to in the plaintiff's complaint and are central to her claim." *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2011) (quoting *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997)).  If documents beyond that scope are considered, the motion to dismiss will be converted to a motion for summary judgment.  *Spencer v. Grand River Nav. Co., Inc.*, 644 F. App'x 559, 561-62 (6th Cir. 2016) (citing *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008)).

**B.     Discussion**

Perfetti argues that Plaintiffs' Amended Complaint should be dismissed because it fails to state a plausible claim for relief.  (Doc. # 11 at 7-8).  Specifically, Perfetti argues that under Kentucky law, the Amended Complaint does not allege conduct that rises to the level of negligent misrepresentation, and thus, the Amended Complaint must be dismissed.  (*Id.* at 8-11).  Perfetti argues that Plaintiffs have not shown that Perfetti made an affirmative misrepresentation, noting citations provided by Plaintiffs in the Amended Complaint that admit coconut oil is not considered to be a major allergen when highly refined, and that Plaintiffs have not indicated any law or regulation that would require Perfetti to disclose additional information related to whether the coconut oil was highly refined.  (*Id.* at 9).  Perfetti also argues that a failure to provide the additional information, or omission of that information, does not rise to the level of negligent misrepresentation

4

in Kentucky. (*Id.* at 9-10). Finally, Perfetti argues that Plaintiffs cannot show that they reasonably relied upon the alleged false statement. (*Id.* at 11). Plaintiffs state in the Amended Complaint that they are careful to review product ingredients, and directly above the "tree nut free" label, coconut oil was disclosed as an ingredient of Airhead Gummies. (*Id.*). Because of this, Perfetti argues that Plaintiffs cannot show that Plaintiffs' reliance on the label was reasonable, and the claim for negligent misrepresentation fails. (*Id.* at 12).

In Response, Plaintiffs argue that the Amended Complaint does meet the elements of negligent misrepresentation, and Perfetti made an affirmative statement that is false or misleading when it added the "tree nut free" label despite the gummies containing coconut oil. (Doc. # 13 at 4). Plaintiffs include evidence of other brands that contain coconut oil that do not contain "tree nut free" labels.[1] (*Id.* at 6). Plaintiff Ruff argues that she and her son were "reasonably foreseeable recipients of the Airheads Gummies candy," she justifiably relied on the labeling information "because she and her son have a habit of always reading the ingredient lists on consumer packaging," and she exercised reasonable care by viewing the prominent label, which was "used as a quick reference to let consumers know there are no tree nuts in a product." (*Id.* at 6-7).

In Reply, Perfetti restates its argument that the label does not contain an affirmative misrepresentation, noting a difference between the product containing a tree nut and the product containing an oil derived from a tree nut. (Doc. # 14 at 1-2). Perfetti

---

[1] Because the Motion is a Motion to Dismiss under Rule 12(b)(6), the Court may only consider evidence included with the initial pleadings or Perfetti's Motion to Dismiss (Doc. # 10). *Amini*, 259 F.3d at 502. If the Court were to consider this evidence, it would convert the Motion to Dismiss to a motion for summary judgment. *Spencer*, 644 F. App'x at 561-62. However, the Court does not rely upon the information in addressing the current Motion to Dismiss, so the Court declines to evaluate the Motion to Dismiss as a motion for summary judgment.

argues this is an unreasonable interpretation of the logo, and though Plaintiffs have alleged that coconut oil can be an allergen in certain forms, Plaintiffs have "not alleged that the coconut oil contained in the Airheads was in an unrefined form so as to be a possible allergen." (*Id.* at 2). Next, Perfetti argues that even if that can be considered an affirmative misrepresentation, the Amended Complaint does not allege the required elements of reliance, causation, and resulting damages. (*Id.* at 2). Specifically, Perfetti notes that while Plaintiffs allege that Plaintiff J.R. is allergic to coconut, Plaintiffs do not allege that he is allergic to coconut oil in any form, and the medical literature included by the Plaintiffs in the First Amended Complaint indicates that a coconut allergy is separate from a coconut oil allergy, the latter being "very rare." (*Id.*) (quoting Doc. # 10 at 3 n.4). Perfetti also notes the contradiction between Plaintiffs' statements that they read labels very carefully and that Plaintiffs reasonably relied on the tree nut free label, when the ingredient list located directly above the label includes coconut oil. (*Id.* at 3).

1. **Negligent Misrepresentation**

Kentucky courts recognize the tort of negligent misrepresentation and have adopted the elements set forth in the Restatement (Second) of Torts § 552. *PCR Contractors, Inc. v. Daniel*, 354 S.W.3d 610, 617 (Ky. Ct. App. 2011) (citing *Presnell Const. Managers, Inc. v. EH Const., LLC*, 134 S.W.3d 575, 580 (Ky. 2004)). The act of negligent misrepresentation is defined as "[o]ne who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions" which causes "pecuniary loss to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or

6

communicating the information." *Presnell*, 134 S.W.3d at 580. Claims of fraudulent misrepresentation based on Kentucky law are also subject to Federal Rule of Civil Procedure 9(b)'s heightened pleading standard, requiring that a plaintiff "allege the time, place, and content of the alleged misrepresentation on which he or she relied," as well as "the fraudulent scheme; the fraudulent intent of the defendant; and the injury from the fraud." *Bledsoe*, 501 F.3d at 504 (quoting *Coffey*, 2 F.3d at 161-62).[2]

### a.  Affirmative Misleading Statement

Plaintiffs argue the affirmative misleading statement is the "tree nut free" label because coconut oil is a listed ingredient of the Airhead Gummies. The Food and Drug Administration ("FDA") considers coconut to be a tree nut, though a source cited by the Plaintiffs indicates that "the vast majority of tree nut-allergic individuals also tolerate coconut without difficulty, since coconut is not truly a nut, but rather a fruit." (Doc. # 10 at 6, n.6). Plaintiffs also cite sources noting that highly refined coconut oil is not considered a "major allergen" within the meaning of the Food Allergen Labeling and Consumer Protection Act ("FALCPA"). (Doc. # 10 at ¶ 7). Plaintiffs accurately note that the ingredients list does not indicate whether the coconut oil was highly refined or not. (*Id.*).

Perfetti argues that this is an error of omission, which cannot be relied upon to establish an affirmative false statement for purposes of negligent misrepresentation in Kentucky. (Doc. # 11 at 9-10) (citing *Muncy v. Intercloud Sys., Inc.*, 92 F. Supp. 3d 621,

---

[2] Perfetti briefly raises that Plaintiffs have not met the heightened pleading standard of Rule 9. (Doc. # 11 at 9). However, Plaintiffs' Amended Complaint includes the time and place that Plaintiff Ruff and her son purchased the candy, as well as a photograph of the candy packaging that contains the alleged misrepresentation. (*See* Doc. # 10 at ¶¶ 4, 10). The Amended Complaint also identifies the alleged fraudulent scheme and intent of Perfetti to collect sales by appearing to be allergy free, as well as injury to her minor son. (*Id.* at ¶¶ 25-26, 64). Thus, the Court rejects the argument that the Amended Complaint does not meet the heightened pleading standards.

642-43 (E.D. Ky. 2015); *Giddings & Lewis, Inc. v. Indust. Risk Insurers*, 348 S.W.3d 729, 746 (Ky. 2011)). Perfetti confuses the argument, however. Plaintiffs are not arguing that the affirmative misleading statement was listing coconut oil in the ingredients list without indicating whether it was highly refined or not. Plaintiffs instead argue that the "tree nut free" label was the affirmative misleading statement, and it was affirmatively misleading because the product does in fact contain coconut, which the FDA considers to be a tree nut. (Doc. # 10). At the motion to dismiss stage, a court should accept the plaintiff's allegations as true, and then determine whether the plaintiff has pled sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. Based on this liberal standard, Plaintiffs have very clearly pleaded facts that indicate that the "tree nut free" label was an affirmative misleading statement, because coconuts are considered a tree nut by the FDA, and the product contained coconut oil. It confuses the issue for the Court to engage in an analysis of whether Perfetti should have disclosed how refined the coconut oil was, or whether the coconut oil is as much of an allergen as coconut by itself.

        **b.**    **Reliance**

Even though the Court finds that the "tree nut free" label is considered a false and misleading statement, it was not reasonable for Plaintiffs to rely on the label in these circumstances. To state a claim for negligent misrepresentation, the reliance on the affirmative misleading statement must be reasonable and justifiable. *Presnell*, 134 S.W.3d at 580. The Kentucky Court of Appeals has explained that this is an "*elementary* element of negligent misrepresentation . . . ." *Ann Taylor, Inc. v. Heritage Ins. Servs., Inc.*, 259 S.W.3d 494, 496 (Ky. Ct. App. 2008) (emphasis added). "'A plaintiff's knowledge

and experience are relevant to a determination of whether his reliance was reasonable,' so 'the law imposes upon recipients of business representations a duty to exercise common sense.'" *Epps Chevrolet Co. v. Nissan North America, Inc.*, 99 F. Supp. 3d 692, 707 (E.D. Ky. 2015) (citations omitted). This is because "[i]t is well established under Kentucky law that equity will grant no relief to a complaining party who has means of knowledge of the truth or falsity of representations." *Id.* (quoting *Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1447 (6th Cir. 1993)). "If the truth or falsehood of the representation might have been tested by ordinary diligence and attention, it is the party's own folly if he neglected to do so, and he is remediless." *Mayo Arcade Corp. v. Bonded Floors Co.*, 41 S.W.2d 1104, 1109 (Ky. 1931).

Here, the Plaintiffs indicate that due to Plaintiff J.R.'s various allergies, Plaintiffs have a habit of "closely reviewing" the ingredients list for potential allergens. (Doc. # 10 at ¶ 10; Doc. # 13 at 7). In the photograph of the label included with the First Amended Complaint, the ingredients list placed directly above the "tree nut free" label indicates that the product contains coconut oil. (Doc. # 10 at ¶ 4). Plaintiffs state that "that label is more prominent than the ingredient list." (*Id.* at ¶ 60). But in the attached photograph, the text appears to be the same size, and though "tree nut free" is in bold typeface, it is less centered on the packaging than the actual ingredients list. (*Id.* at ¶ 4).

Though the Court must "construe the complaint in the light most favorable to the plaintiff," *Hill*, 878 F.3d at 203, the Court is not required to "accept as true legal conclusions or unwarranted factual inferences." *Morgan*, 829 F.2d at 12. It is an unwarranted factual inference to accept that Plaintiffs relied on the "tree nut free" label to determine that the candy did not contain coconut oil when the coconut oil was plainly

9

listed as an ingredient directly above the label. (Doc. # 10 at ¶ 4). By Plaintiffs own admission, they carefully review ingredients lists for potential allergens. (*Id.* at ¶ 10; Doc. # 13 at 7). Further demonstrating the unreasonableness of Plaintiffs' reliance on the label, Plaintiffs state in the Amended Complaint that they "relied *in substantial part*" on the "tree nut free" label, meaning that in plain language that they considered additional information on the packaging besides the "tree nut free" label. (Doc. # 10 at ¶ 17) (emphasis added).

Additionally, this Court has rejected a claim for negligent misrepresentation under a similar theory in *Affiliated FM Insurance Co. v. LNR Partners, LLC.* No. 5:21-cv-233-DCR, 2023 WL 1956582, at *8 (E.D. Ky. Feb. 10, 2023). That case turned on language in a parties' contractual agreement that specifically contradicted a misrepresentation in an email. *Id.* at *2. The Court found that it was unreasonable for the plaintiff to rely on the misrepresentations because they were directly opposite to what their agreement stated and granted the motion to dismiss. *Id.* at *8. Though there is no contractual agreement at issue here, the ingredients list of the Airheads Gummies expressly stated in plain writing that it contained coconut oil, which directly contradicts the misrepresentation of the "tree nut free" label.

Perfetti points to additional cases outside of this district where courts have rejected claims for negligent misrepresentation at the motion to dismiss stage when the ingredients list directly contradicts a label on a food item. (Doc. # 14 at 4) (citing *Pelayo v. Nestle USA, Inc.*, 989 F. Supp. 2d 973, 980 (C.D. Cal. 2013) (dismissing claim that an "All Natural" label constituted a claim for negligent misrepresentation where the label was placed above an ingredients list that identified unnatural ingredients); *Rooney v. Cumberland Packing Corp.*, No. 12-CV-0033-H (DHB), 2012 WL 1512106 (S.D. Cal. Apr.

10

16, 2012) (dismissing complaint because no reasonable consumer would be deceived about a "Sugar in the Raw" label because the product stated in multiple places that it contained processed turbinado sugar); *Morgan v. Wallaby Yogurt Co., Inc.*, No. 13-cv-00296-WHO, 2013 WL 5514563, at *3 (N.D. Cal. Oct. 4, 2013) (holding that a label was not reasonably relied upon when the product's sugar content was displayed next to the ingredients list). Although these cases are not binding authority, the Court does find them to be persuasive. Specifically, *Morgan* noted that based on the images provided in the Complaint, the ingredients list was "literally next to the allegedly misleading representation in the same print size[,]" and it was therefore not reasonable for the plaintiffs to rely on the representation. 2013 WL 5514563, at *8. That is directly comparable to the situation here, where the photograph supplied by Plaintiffs shows the "tree nut free" label on the Airheads Gummies was placed below the ingredients list in the same print size, the only distinguishing feature being that "tree nut free" was in bold typeface. (Doc. # 10 at ¶ 4). The Court similarly finds that this reliance by Plaintiffs was unreasonable. As noted above, a complaint must contain factual allegations that speak to all of a claim's material elements "under some viable legal theory." *Eidson*, 510 F.3d at 634. Because reliance is an "elementary" requirement of a claim for negligent misrepresentation in Kentucky, the Plaintiffs have thus failed to state a claim for which relief can be granted. *Ann Taylor, Inc*, 259 S.W.3d at 496.

  **2. Leave to Amend**

Finally, Plaintiffs argue that "if the Court decides that any of the elements of the claim require additional detail," they should be permitted to amend their Amended

11

Complaint. (Doc. # 13 at 8). Perfetti opposes granting Plaintiffs an opportunity to file an additional amended complaint, arguing that it would be futile. (Doc. # 14 at 6-7).

Amended complaints are governed by Federal Rule of Civil Procedure 15(a), which provides, in pertinent part:

> A party may amend its pleading once as a matter of course within: (a) 21 days after serving it, or (b) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

In support of their request, Plaintiffs state that they can provide more details on "the allergenic nature of coconut oil, or the relationship between the ingredient list on the product's packaging." (Doc. # 13 at 8). Plaintiffs argue that leave to amend is freely given at the 12(b)(6) stage, and none of the factors that lend towards denial of leave to amend exist here, such as "undue delay in filing, lack of notice to the opposing party, bad faith . . . repeated failure to cure deficiencies by previous amendments, undue prejudice . . . and futility of amendment." (*Id.*). In Reply, Perfetti notes that Plaintiffs have already amended the Complaint once as a matter of course, and the allegations of the Amended Complaint "demonstrate that any further amendment would be futile." (Doc. # 14 at 6).

Here, the Court agrees with Perfetti and will deny the request to amend the Amended Complaint. First, while it is true that Rule 15 requires that permission to amend be given "freely," a party must first request leave. *See* Fed R. Civ. P. 15. In the Sixth Circuit, that process is a formal motion to amend, and in the absence of such a motion the court presumes that leave to amend has not been requested at all. *See Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 551-52 (6th Cir. 2008) (upholding the district

court's decision not to grant leave to amend when the plaintiff failed to formally move despite being on notice that her complaint was subject to a Rule 12 motion to dismiss); *Forrester v. Am. Sec. & Prot. Serv. LLC*, 2022 WL 1514905, at *4 (6th Cir. May 13, 2022) ("Forrester never filed a formal motion despite having ample time (over six months) to do so."). Plaintiffs have not filed a formal motion to amend for the Court to consider concurrently with the Motion to Dismiss (Doc. # 11).

Second, while the Plaintiffs do include brief examples of the type of information that could be included with a second amended complaint, that information would not change the Court's analysis. Because the FDA considers coconut to be a tree nut, the Court already finds that the "tree nut free" label was an affirmative misleading statement on the package of Airheads Gummies. *See infra* Part II.B.1.a. Plaintiffs do not need to show additional details of the "allergenic nature of coconut oil" for the Court to make that determination (Doc. # 13 at 8), because that information is not dispositive to the Court's decision. Second, the Court can already see "the relationship between the ingredient list and logo on the product's packaging" (Doc. # 13 at 8), because a picture was included on the second page of the Amended Complaint. (Doc. # 10 at ¶ 4). There is no information that could be provided that would shed additional light on the situation. The coconut oil was plainly listed above the label and Plaintiffs stated multiple times that they have a habit of reviewing the ingredients lists carefully. (Doc. # 10 at ¶ 10; Doc. # 13 at 7). Thus, it was not reasonable for Plaintiffs to rely on the "tree nut free" label, and no additional facts in a new amendment can cure that defect. Any amendment would be futile.

### III.     CONCLUSION

Thus, for the reasons set forth herein, **IT IS ORDERED** that:

(1)     Defendant Perfetti's Motion to Dismiss (Doc. # 11) is **GRANTED**;

(2)     Plaintiff's Complaint is **DISMISSED**;

(3)     This matter is **stricken** from the Court's active docket; and

(4)     An accompanying Judgment shall be entered contemporaneously herewith.

This 27th day of January, 2024.



Signed By:
*David L. Bunning*   DB
United States District Judge

K:\DATA\ORDERS\Cov2023\23-70 MOO on MTD.docx